UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KELVIN MAGEE | * | CIVIL ACTION NO.: |
|    Plaintiff | * | |
| | * | |
| VERSUS | * | JUDGE |
| | * | |
| DELTA AIR LINES, INC., | * | |
| WILMINGTON TRUST CO. TRUSTEE | * | MAG. JUDGE |
| and ALLIANZ GLOBAL CORPORATE | * | |
| & SPECILATY SE | * | |
|    Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants, Delta Air Lines, Inc. ("Delta") and Allianz Global Risk US Insurance Co. ("Allianz") (collectively, "Defendants"), hereby remove this action from the 24th Judicial District Court in and for Jefferson Parish, Louisiana to the United States District Court for the Eastern District of Louisiana. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). As grounds for the removal, Defendants respectfully show as follows:

### I. BACKGROUND

1.

This action was commenced on March 15, 2022 when Plaintiff, Kelvin Magee (collectively, "Plaintiff"), filed a Petition for Damages with the 24th Judicial District Court in and for Jefferson Parish, Docket No. 826-092, Division D. *See generally* **Exhibit A**, Copies of All Process, Pleadings, and Orders Served on Delta at Plaintiff's Petition for Damages.

2.

In his original Petition for Damages, Plaintiff named Delta, Wilmington Trust Co. Trustee, and Allianz Global Corporate & Specialty SE as defendants. *See id.* On May 20, 2022, Plaintiff

filed (i) a Motion for Voluntary Dismissal Without Prejudice dismissing all claims against Wilmington Trust Co. Trustee and Allianz Global Corporate & Specialty SE, and (ii) a First Supplemental and Amended Petition for Damages naming Delta and Allianz as the only party defendants. *See id.* at Plaintiff's Motion and Order for Voluntary Dismissal Without Prejudice & Plaintiff's First Supplemental and Amended Petition for Damages. Thus, Delta and Allianz are the only two defendants in this case.

3.

As discussed under Heading III below, this Notice of Removal is timely because it was filed within one (1) year after Plaintiff commenced the state court action and within thirty (30) days of September 27, 2022, which was the first time Defendants received a paper that allowed them to ascertain that the case is removable. *See infra* Heading III.

4.

Venue for this removal is proper because the United States District Court for the Eastern District of Louisiana is the federal district court embracing Jefferson Parish, Louisiana—the place where this action was pending in state court. *See* 28 U.S.C. § 98(a).

## II.  GROUNDS FOR REMOVAL – DIVERSITY OF CITIZENSHIP JUDISDICTION

5.

This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because (A) there exists complete diversity of citizenship between Plaintiff and Defendants and (B) the amount in controversy exceeds $75,000, exclusive of interest and costs. As such, this action is properly removable under 28 U.S.C. § 1441.

## II(A).  COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN PLAINTIFF AND DEFENDANTS

6.

Plaintiff is a natural person. For purposes of federal diversity jurisdiction, a natural person is deemed to be a citizen of the state where he or she is domiciled. *See Freeman v. NW Acceptance Corp.*, 754 F.2d 553, 555 (5th Cir. 1985); *see also Hendry v. Masonite Corp.*, 455 F.2d 955, 955 (5th Cir. 1972) ("For purposes of federal diversity jurisdiction 'citizenship' and 'domicile' are synonymous."). According to Plaintiff's Petition for Damages, Plaintiff is "a person of the full age of majority, domiciled in the Parish of St. Tammany, State of Louisiana resident ... ." *See* **Exhibit A**, Copies of All Process, Pleadings, and Orders Served on Delta at Plaintiff's Petition for Damages Introductory Paragraph. Thus, Plaintiff is a citizen of the State of Louisiana for diversity purposes.

7.

Delta and Allianz are corporations. The citizenship of a corporation for diversity purposes is determined by looking to both "the state in which it was incorporated and the state in which it has its principal place of business." *See Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, Ltd. Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014). Delta is a Delaware corporation with its principal place of business in Atlanta, Georgia. *See* **Exhibit B**, Georgia Secretary of State Business Entities Search Results for Delta Air Lines, Inc. Allianz is an Illinois corporation with its principal place of business in the State of Illinois. *See* **Exhibit C**, Louisiana Department of Insurance Search Results for Allianz Global Risk US Insurance Co. Thus, Defendants are citizens of the States of Delaware, Georgia, and Illinois for purposes of diversity jurisdiction.

8.

The complete diversity requirement of 28 U.S.C. § 1332(a) is satisfied in this case with respect to all properly joined parties, because Plaintiff is a citizen of the State of Louisiana and Defendants are citizens of the States of Delaware, Georgia, and Illinois.

## II(B). AMOUNT IN CONTROVERSY

9.

The Fifth Circuit has articulated a "clear analytical framework" for assessing 28 U.S.C. § 1332(a)'s the amount in controversy requirement in cases removed from state court on the basis of diversity jurisdiction. *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 2000) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir.1999)). Under that framework, the removing defendant must show "by a preponderance of the evidence" that the amount in controversy exceeds $75,000, exclusive of interests and costs. *See id.*; *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773-74 (5th Cir. 2003); *Loque v. Allstate Ins. Co.*, 314 F.3d 776, 779 (5th Cir. 2002). In cases, like this, where the amount in controversy is not facially apparent from the initial pleadings, the plaintiff's discovery responses may be submitted to establish the required jurisdictional amount. *See* 28 U.S.C. § 1446(c)(3)(A).

10.

As more fully discussed under Heading III below, Defendants were unable to invoke this Court's diversity jurisdiction immediately after suit was filed because the amount in controversy was unclear from the face of Plaintiff's Petition for Damages. *See infra* Heading III. The first time it became clear that the amount in controversy in this case exceeds $75,000, exclusive of interests and costs was September 27, 2022 when Plaintiff served separate responses to Defendants' First

Set of Interrogatories and First Set of Requests for Admission. *See* **Exhibit D**, Plaintiff's Interrogatory Responses; **Exhibit E**, Plaintiff's Request for Admission Responses.

11.

The facts of this case involve an alleged incident that occurred aboard Delta Flight No. DL672 from Salt Lake City, Utah to New Orleans, Louisiana on March 28, 2021. *See* **Exhibit A**, Copies of All Process, Pleadings, and Orders Served on Defendants at Plaintiff's Petition for Damages ¶¶ 4-10. Plaintiff alleges that, as the plane was attempting to land, a ceiling panel from the center aisle fell down, struck him in the neck and left shoulder area, and caused him to sustain personal injuries. *See id.* ¶ 4.

12.

The Interrogatory Responses indicate that Plaintiff treated with various medical providers after the alleged incident for reported pain, numbness, tingling, and radiating pain in his neck, left shoulder, and left arm. *See* **Exhibit D**, Plaintiff's Interrogatory Responses at Responses to Interrogatory Nos. 10, 12. The Responses further state that Plaintiff visited hospitals, his primary care provider, a physical therapist, an orthopedic surgeon, a radiological imaging center, and a pain specialist for his incident-related injuries and conditions. *See id.* Plaintiff claims to have incurred medical expenses totaling $31,117.10, plus an unknown amount of expenses from his treating orthopedic surgeon, which seems likely to be fairly significant. *See id.* at Response to Interrogatory No. 13. Moreover, Plaintiff claims that his pain symptoms persist to this day. *See id.* at Response to Interrogatory No. 10.

13.

In his Request for Admission Responses, Plaintiff unequivocally denied that he is seeking are less than $75,000 in damages and refused to waive any portion of a judgment in excess of that amount:

> **REQUEST FOR ADMISSION NO. 23:**
>
> Please admit that the total amount of the special damages and general damages which You seek to recover in this case does not exceed $75,000, exclusive of legal interest and costs.
>
> **RESPONSE:**
>
> Denied.
>
> **REQUEST FOR ADMISSION NO. 24:**
>
> If Your response to Requests for Admission No. 23 is an admission, please admit that You permanently waive and renounce all rights to recover any portion of any monetary judgment that may be rendered in the above-captioned case that exceeds $75,000.
>
> **RESPONSE:**
>
> Denied.

**Exhibit E**, Plaintiff's Request for Admission Responses at Responses to Requests 23-24. This Court and the other two federal district courts in Louisiana have found that a plaintiff's "failure to stipulate that the amount in controversy is below $75,000 is evidence that the amount in controversy is in excess of the requisite amount." *Broadway v. Wal-Mart Stores, Inc.*, CIV. A. 00-1893, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000) (citing Reid v. Delta Gas, Inc., 837 F. Supp. 751, 752-53 (M.D. La.1993)); *see also, e.g., Gainnoble v. Wal-Mart Stores, Inc.*, No. Civ. A. 97-1684, 1997 WL 403285, at *1-2 (E.D. La. July 16, 1997); *Borill v. Centennial Wireless, Inc.*, 872 F. Supp.2d 522, 528-29 (W.D. La. 2012).

14.

Here, Plaintiff's past medical expenses and alleged ongoing pain symptoms, when considered alongside Plaintiff's refusal to admit that his recoverable damages are less than $75,000, demonstrate that the $75,000 threshold of 28 U.S.C. § 1332(a) is therefore satisfied in this case.

### III.  TIMELINESS OF REMOVAL

15.

The timeliness of a notice of removal is governed by 28 U.S.C. § 1446(b).  When a case is removable based solely on the allegations set forth in the initial pleading, a notice of removal must be filed within 30 days following the removing defendant's receipt of that pleading. 28 U.S.C. 1446(b)(1); *see also Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006). However, removal cannot be based simply on conclusory, generalized, or non-specific allegations. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. 1446(b)(3); *see also Crockett*, 436 F.3d at 532. The removal statute specifically provides that written discovery responses containing information relating to the amount in controversy "shall be treated as an 'other paper' under subsection (b)(3)." 28 U.S.C. § 1446(c)(3)(A).

16.

This case was not removable at the time Defendants were served with Plaintiff's initial pleadings, because it was not facially apparent from said pleadings that the amount in controversy

exceeded $75,000, exclusive of interest and costs. As noted above, Plaintiff's pleadings allege that he sustained injuries aboard a Delta flight when a ceiling panel from the center aisle of the plane fell down and struck him in the neck and left shoulder. *See* **Exhibit A**, Copies of All Process, Pleadings, and Orders Served on Ace Hotel at Plaintiff's Petition for Damages ¶¶ 4-10. Although the pleadings contain generalized allegations that Plaintiff sustained injuries to his "neck, left shoulder, and other parts of his body" as a result of the incident, there are no details about the nature and severity of those alleged injuries. *See id.* ¶ 7. The pleadings also lack any specific details about the medical care Plaintiff sought as a result of his alleged injuries. *See id.* Regarding damages, the pleadings allege several general categories of special and general damages, but those allegations are also generalized in nature and are not supported by any specifically alleged facts. *See id.* at ¶ 10. In other words, "[t]he type of allegations made by the plaintiff[s] in the petition are fairly 'vanilla' and do not reveal what the extent of [their] injuries are." *Palmer v. Wal-Mart Stores, Inc.*, CIV.A. 95-1723, 1996 WL 20862, at *1 (E.D. La. Jan. 17, 1996). It is practically impossible for a defendant to ascertain, or even approximate, the true amount in controversy based on such vague allegations alone. Thus, this Court has held that, under such circumstances, "[w]hen ... the petition is vague regarding the types of injuries incurred and any future problems resulting from the incident, 'the court must conclude that it was not 'facially apparent' that the amount of damages would exceed $75,000.'" *Dunomes v. Trinity Marine Products, Inc.*, No. 14-1968, 2014 WL 7240158, at *4 (E.D. La. Dec. 19, 2014) ((quoting *Broadway v. Wal-Mart Stores*, No. 00-1893, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000))). Accordingly, this case was not removable on the face of Plaintiff's Petition for Damages.

17.

As discussed under Heading II(B) above, the first time it became clear that the amount in controversy in this case exceeds $75,000, exclusive of interests and costs was September 27, 2022 when Plaintiff served separate responses to Defendants' First Set of Interrogatories and First Set of Requests for Admission. *See* **Exhibit D**, Plaintiff's Interrogatory Responses; **Exhibit E**, Plaintiff's Request for Admission Responses. The contents of those discovery responses revealed, for the first time, the details of Plaintiff's alleged injuries and post-incident medical treatment, and clearly indicated that Plaintiff is seeking a damages award in excess of $75,000. *See id.* at Responses to Interrogatory Nos. 10, 12-13 & Responses to Request for Admission Nos. 23-24. Thus, Plaintiff's discovery responses were the first "other paper[s]" from which Defendants could ascertain that the amount in controversy in this case is sufficient for jurisdiction to be appropriate under 28 U.S.C. § 1332(a). *See id.* This Notice of Removal was filed less than 30 days after undersigned counsel for Defendants was served with Plaintiff's discovery responses on September 27, 2022. Accordingly, this Notice of Removal is timely under 28 U.S.C. 1446(b)(3).

## IV.  PROCEDURAL COMPLIANCE

18.

Pursuant to 28 U.S.C. § 1446(a), copies of "all process, pleadings and orders served upon" Defendants are attached hereto as **Exhibit A**.

19.

Pursuant to 28 U.S.C. § 1446(d), Plaintiff is being provided with a copy of this Notice of Removal through his counsel of record, and a copy of this Notice of Removal is being filed with the Clerk of Court for the 24th Judicial District Court in and for Jefferson Parish.

20.

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that he has read the foregoing Notice of Removal, that to the best of his knowledge, information, and belief, formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law, and that it is not interposed for any improper purpose.

21.

By filing this Notice of Removal, Defendants do not waive and hereby reserve all defenses and objections to Plaintiff's Petition, for Damages, Plaintiff's First Supplemental and Amending Petition for Damages, and any other supplemental and/or amending pleadings that may be filed in the future.

## V.  JURY DEMAND

22.

Defendants hereby pray for a trial by jury on all claims asserted and issues raised in Plaintiff's Petition, for Damages, Plaintiff's First Supplemental and Amending Petition for Damages, and any other supplemental and/or amending pleadings that may be filed in the future.

## VI. CONCLUSION

23.

Given the complete diversity of citizenship of the parties and the amount in controversy, the Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) and this action is properly removed pursuant to 28 U.S.C. § 1441.

**WHEREFORE,** Defendants, Delta Air Lines, Inc. and Allianz Global Risk US Insurance Company, respectfully request that the United States District Court for the Eastern District of Louisiana assume full jurisdiction over this case and that all further proceedings in this action be conducted in the United States District Court for the Eastern District of Louisiana as provided by law.

Respectfully Submitted,

*/s/ Bradley J. Schwab*_____
KENNETH H. LABORDE (No. 08067)
BRADLEY J. SCHWAB (No. 35312)
GIEGER, LABORDE & LAPEROUSE, LLC
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139
Telephone:   (504) 561-0400
Facsimile:    (504) 561-1011
Email:          klaborde@glllaw.com
                   bschwab@glllaw.com
ATTORNEYS FOR DELTA AIR LINES, INC.
and ALLIANZ GLOBAL RISKS US
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon all counsel of record via facsimile, electronic means, and/or U.S. Mail, postage prepaid and properly addressed, on this 18th day of October, 2022.

*/s/ Bradley J. Schwab*_____
BRADLEY J. SCHWAB